and we'll move now to the final argument for the morning and that is Huntress v. United States. Mr. Smith, are you on the line? I am. And Mr. Jacob? Yes, Your Honor. Okay, great. So I think you know the drill at this point. So Mr. Smith, you reserve two minutes for rebuttal and you get the first three free, so go ahead. Thank you, Your Honor. May it indictments against the plaintiffs to coerce them into accepting the EPA's jurisdiction that it had no such jurisdiction. Now, the district court nevertheless concluded that plaintiff's claims rest on a discretionary decision to prosecute and therefore are barred by the discretionary function exception to the Federal Tort Claims Act. The district court got it wrong on both counts. First, our complaint focuses not on the conduct of the prosecutors, but on the conduct of the EPA. Second, as the government and the district court both concede, the discretionary function exception does not apply to unconstitutional or unlawful decisions. And the EPA's decision to pursue criminal charges against the plaintiffs was unquestionably unconstitutional and unlawful. How can we say that with such certainty? The Supreme Court has long held that it is unconstitutional to indict a U.S. citizen if persons of common intelligence must necessarily guess at the law's meaning and differ as to its application. And that is precisely what happened in Rapanos v. U.S. when the U.S. Supreme Court attempted to apply the Clean Water Act to land like the plaintiff's land in this case, a majority of the Supreme Court justices rejected the EPA's assertion of jurisdiction over land like plaintiff's land. Having agreed on that, they were then unable to agree on a clear interpretive standard to replace the EPA's overreaching one. In other words, these persons of uncommon intelligence were left to their own justification. No statute or judicial decision has altered the Supreme Court's rejection of the EPA's jurisdiction over land like plaintiff's land. And thus, it could not have been clear to persons of common intelligence. And least of all, to the EPA agents whose assertion of jurisdiction over that land had already been rejected by the Supreme Court. It could not have been clear to anyone that the EPA had jurisdiction over plaintiff's land. And because the EPA's assertion of criminal jurisdiction over that land lacked the clear statutory authority that is required by constitutional due process, the discretionary function exception cannot apply and the district court's decision must be reversed. All right, let's take a pause there. Judge Calabresi, do you have questions? Yeah, I just don't understand your argument at all. I mean, the EPA Water Act has been applied since Rapanos in any number of situations. And this was a situation in which the EAA had perfectly good reason, whether ultimately it is constitutional or not, to believe that they could. And they were meeting both elements of Berkowitz, which was a consideration of public policy and an element of judgment. I mean, the Federal Towards Claims Act is very clear on what things are excluded. And it seems to me absolutely obvious. I just, I guess I have less a question than I simply do not understand your argument. Well, I hear a lot of paper and it's a little difficult to hear you, but I think I understand the question. Let me address Rapanos. We're not saying, and the question that is before this court isn't, is Rapanos legal precedent? Is Rapanos clear as to what the proper standard is? It isn't. And different courts have applied different standards. Some apply Kennedy's standards, some apply the plurality, some say both. The question isn't, has it been applied since Rapanos? The question is, has it been applied to these facts, the same facts as in Rapanos, the same facts that are present here? Has it been applied to these facts in a way that renders clarity as to the jurisdiction of the EPA under the Clean Water Act over this type of land? And the answer to that is no, it has not. In Rapanos, the Supreme Court said the EPA doesn't have jurisdiction over this type of land. That is the state of play, such as it is. So to the extent that Rapanos is binding on this court or on the EPA, the holding in that case was the EPA doesn't have jurisdiction. But all that we are using Rapanos for here is to say there is a longstanding due process standard that says that you cannot bring criminal action against a U.S. citizen unless it's clear that what they're doing, clear in advance, that what they're doing is a crime. Here, when the Supreme Court was presented with the question, is this a crime? They said, well, in this case the EPA didn't have jurisdiction, but we can't really tell if it's a crime. That is squarely within the due process analysis that the Supreme Court in Lanier, in FCC versus Fox, has repeatedly established. And when you take that lack of clarity and that lack of due process, and you apply that to the raft of cases that say, and no one has disputed this, you don't have discretion. No government official has discretion to violate someone's due process, to break the law, to exceed their authority, to act in an unconstitutional manner. And because the EPA's authority in this case was at best unclear and at worst had been completely rejected by the U.S. Supreme Court, it cannot be that it was constitutional to bring an indictment against the plaintiffs for doing something that was not clearly a crime. So hopefully that explains the way in which we feel Rapano applies. I don't know if there was more to the question, but that was what I heard. Excuse me, you have one more minute out of the eight. Judge Wesley, do you have any questions for Mr. Smith? Well, a follow-up to my colleague's question. I don't understand how you can argue that Rapano's plea is unclear. I take it that the Clean Water Act shouldn't be enforced at all because by its nature, the Clean Water Act is unconstitutionally vague? Absolutely not. And that is what the district court has. But you cited, you opened by saying that the statute is subject to arbitrary enforcement because it's so vague and doesn't have a clear, doesn't give a citizen clear notice as to the fact that he or she is violating the statute. That is the definition of unconstitutional vagueness, isn't it? In this case, it is. And in this case, we are arguing only that it is unconstitutional as applied to these facts. It isn't that the EPA, the Clean Water Act... Well, lots of times people are arrested for something and the defense is, well, the statute's unconstitutional because the arrest is illegal and the arrest has to be vacated because the statute upon which the arrest occurs is unconstitutionally vague. That's not a tort, by the law enforcement officer. It's the fact that the statute itself is unconstitutional, so therefore the officer didn't have the authority to do it. But you flipped it around. You seem to say that because it's unconstitutionally vague, any officer that attempts to enforce the statute is committing a constitutional tort, which is remarkable. That's remarkable. I mean, I've never heard of this before. I'll be honest with you. I find it almost frivolous. I've taught torts for 60 years and I've never heard that argument. Yeah. I mean, I'll be honest with you. Seriously. In fact, your argument even defeats itself. If the statute's unclear and five judges in the United States Supreme Court couldn't agree on the definition of a navigable water, it was four on one side, four on the other, and Kennedy in the middle. So frankly, in this circuit, we use Kennedy's writing on it, what constitutes a navigable water. And if it's so unclear that there's a lot of wiggle room in it, that sounds to me like a very specific situation in which discretion is employed. Is it not? The United States Supreme Court has repeatedly taken the EPA to task for the vagueness and Congress, to a lesser extent, for the vagueness of the act, but they've never declared it. Absolutely not. However, just because a statute is not unconstitutionally vague doesn't mean that in every case it can be applied criminally. Now, we're not suggesting here anything other than that to bring an indictment here with the lack of clarity that exists as to these specific facts. We're in a very unique situation here because the precise facts that appeared in Rapanos appear here. And so there is no guesswork. There is no discretion. The Supreme Court couldn't answer the question. So a person of common intelligence also couldn't possibly be presumed to be able to answer that question. And that is the due process standard in this case. But if an EPA officer attempts to make sense of it and makes a judgment call, you say that's not an exercise of discretion. Is that it? If the EPA makes that call in a civil enforcement context, then the remedy is to fight the jurisdiction in the civil action, as we are doing. If the EPA agent makes a decision to exercise jurisdiction it has been told it doesn't have because the EPA didn't change the rules. You say the statute's unclear and that they can't agree on the definition. By the way, Rapanos is a remand to reconsider in light of the court's decision. And depending upon whose opinion you looked at, you might get differing results. Well, I think we get the same result here under either test. But no court since the Supreme Court in Rapanos has addressed the question of whether the Clean Water Act applies to land that occasionally has standing water, is located near ditches that flow eventually into traditionally navigable waters that are themselves miles away from the wetlands at issue. But again, we have this... And that's a very interesting issue. And it has nothing to do with whether the EPA officers exercise discretion in suggesting to the prosecutors that they might prosecute. Whether that's a tort, that's a completely different issue. I don't think we're saying that's a tort, Judge Calabresi. What we're saying is that neither the not have discretion to say to the prosecutors or anyone else, we have criminal jurisdiction over this land. Because to the extent that there was any guidance on that issue, the application of that law to those specific facts, it was the Supreme Court saying the EPA is wrong. We can't agree on how to figure out exactly what the right answer would be every situation, but here the EPA is wrong. And knowing that, the EPA could not possibly have been exercising its discretion to say, notwithstanding what the Supreme Court said in Rapanos, notwithstanding that lack of clarity, we're going to bring criminal charges against them because as Walter Mugden said, let the Chief Justice try to enforce it. All right. I think we understand the arguments and we've gone over. But let's say you've got two minutes in rebuttal. We'll now hear from Mr. Jacob for three minutes. Good morning, Your Honor. May it please the court. My name is Charles Jacob from the U.S. Attorney's Office for the United States. At its core, this case challenges government decisions to prosecute. And the FTCA is clear in what exceptions that do not waive sovereign immunity. And one of those exceptions is a discretionary function exception, under which quintessential decisions, such as decisions whether to prosecute, are immune from suit. Faced with this law, the plaintiffs ask this court to be bound by their artful pleading, but court after court has rejected such attempts by plaintiffs to do so. And it should, again, be rejected here. For example, although plaintiffs attempt to pin the purported wrongful conduct on the EPA, it is actually the prosecutor's duty, and his or hers alone, to determine whether to present charges on any given legal theory as applied to the relevant facts. So whereas here the purported harm actually flows from a prosecutor's exercise of discretion, any attempt to cast an action as something else must fail. Similarly, plaintiffs' conclusory claims regarding and theories regarding the alleged unconstitutionality of the prosecutions likewise fail. Plaintiffs do not identify a single legal authority holding that the relevant provisions of the Clean Water Act have ever been held unconstitutionally vague as applied to any criminal defendant's property, let alone land-like plaintiffs. Nor do plaintiffs attempt to distinguish any of the cases that have rejected such challenges by other criminal defendants. And one point to add on Ropinos here, as the question suggested, none of the justices on the Supreme Court in the Ropinos decision concluded that the United States could never establish jurisdiction over wetlands under the Clean Water Act. Indeed, all agreed that the government could do so. They just merely disagreed on the standard that might apply. So, in other words, the justices set forth a least common denominator by which the EPA and U.S. attorneys' offices across the country could determine whether and how to exercise their discretion in enforcing the Clean Water Act. Thus, the crux of plaintiffs' complaints arise all from policy decisions about whom, when, and how to investigate or prosecute. And such claims are all barred by a discretionary functioning exception. This court may also affirm the district court's decision on alternative grounds not reached by the district court as well. For example, plaintiffs' claims are barred by the FDCA's intentional tort exception. That exception bars certain intentional tort claims and those arising from the same unless the torts are based on the acts of law enforcement officers. Here, the complaint includes no specific allegations at all concerning any acts by EPA law enforcement officers that are purportedly responsible for the torts in question. Plaintiffs also failed to positively plead all of their claims. And the district's court judgment could also be affirmed on those grounds. So, I thank the court. Let's pause there and we'll open it up for some questions from the panel. Judge Calabresi, do you have any questions for Mr. Jacob? I have no questions. Judge Wesley, do you have any questions? Just briefly, with regard to your last point, I've been through the plaintiff's complaint. I did not see any allegation in the complaint that asserts that there was a misrepresentation as to the nature or character of the property. Is there any such allegation by an EPA agent to the prosecutors at the time of the first indictment? No, Your Honor. As their brief makes clear, their theory is only about the legal theory presented. There are no allegations in the complaint that EPA gave false facts to prosecutors regarding the land in question. Okay, thank you. All right, I have no questions. Is there anything else you'd like to say, Mr. Jacob? No, thank you for your time. All right, Mr. Smith, you have two minutes. Mr. Smith? Hello? Hello? Sorry, I'm here. Lanier v. U.S., the Supreme Court said, in order for there to be sufficient fair warning to satisfy due process under the Constitution, there has to have been a statute or prior judicial decision that makes it sufficiently clear. Now, the only prior judicial decision that reads on these specific facts is Rapanos. No other court, none of the courts that have applied Rapanos since then, none of the other courts that have rejected a constitutional challenge, have looked at this kind of land. And the only precedent, the only statute, the only regulation, the only judicial decision that addresses this is Rapanos. And in Rapanos, the court rejected the EPA's assertion of jurisdiction. Counsel, let me straighten you out a little bit. It was the Army Corps of Engineers in Rapanos. And second of all, the relief was a remand to the district court to reconsider in light of the court's decision. So it wasn't a clear determination that the Army Corps was wrong. With the discussion of the Army Corps' characterization of what it thought were navigable waters. And there was also a discussion with regard to particular to the Army Corps of Engineers and its responsibilities. So I think you're significantly mischaracterizing Rapanos. Well, Justice Kennedy, in his opinion... I suggest you read it. I will refer you to, if you'll give me just one second. Sorry, you have one more minute. Your Honor, just in the interest of time, perhaps I could submit a very brief letter with citations. But Justice Kennedy and the plurality, Justice Scalia speaking for them, both expressly said that the interpretation offered by the Army Corps of Engineers in that case was overly broad. The plurality certainly had more color to it. I couldn't agree with you, but it remanded to reconsider in light of the definition that the court had worked out. There was no finding that... You keep saying that Rapanos stands for the clear determination that lands like your clients were not wetlands. That's not the case. That's not the case. It remanded for the district court to determine whether the lands in question were wetlands with regard to the definition of wetlands as worked up by the Supreme Court in its 414 determination. That's what Rapanos did. Two points in response to that, Your Honor. First, had the Sixth Circuit actually attempted to answer the question and answered it, then there would be a prior judicial decision that likely would have satisfied Lanier, but that didn't happen. I do want to quote from Sackett v. EPA at page 123 over to 124. This is Justice Scalia speaking for a unanimous court. Most recently in Rapanos, and then he gives the citation, we considered whether a wetland not adjacent to navigable, in fact, waters fell within the scope of the act. Our answer was no. But no rationale commanded a majority of this court. Guided by Rapanos and by, call it a clarification by Justice Scalia in Sackett, the EPA could not possibly have thought that the interpretation it was applying was clear or that it was the right one. All right. Okay. We have your arguments. There's no need to do a submission if it's just to cite us to portions of an opinion that's public and central to this case, so no need to do that. We will reserve decision on this case as with the others. That concludes the arguments for this morning. Let me thank everyone for working through this sort of coronavirus edition of the Second Circuit. I think it worked about as well as one could hope, and that's really attributable to the great work of our clerk's office and our T staff and to all of you. So thank you, and thanks also to our courtroom deputy for today, that's Ms. Rodriguez. Ms. Rodriguez, would you please adjourn court? Sure. Court spends adjourned.